UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**BRIAN J. JONES,**

    **Plaintiff,**

    v.                                  Case No. 19-CV-1774

**THEODORE ANDERSON,
JOHN DOE 1, JOHN DOE 2,
JANE DOE 1, and JANE DOE 2,**

    **Defendant.**

---

### ORDER

---

Plaintiff Brian J. Jones is a Wisconsin state prisoner representing himself. On March 27, 2020, United States District Judge Lynn Adelman screened the amended complaint and allowed Jones to proceed on claims that he was subjected to a harassing and humiliating strip search, excessive force, and adverse conditions of confinement in violation of the Eighth Amendment to the United States Constitution. (Docket # 11 at 4-6.) Although this case is assigned to Judge Adelman, on March 31, 2020, Judge Adelman referred the case to this court to handle all pretrial proceedings. (Docket # 12.)

Jones has filed a motion to amend the complaint to add the Department of Corrections as a defendant. (Docket # 16.) Leave to amend a pleading should be freely given "when justice so requires." See Fed. R. Civ. P. 15(a)(2). The decision on whether to allow the amendment is within the discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Reasons for denying a motion to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by

amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Id.* at 182.

Jones may not proceed against the Department of Corrections because it is entitled to sovereign immunity and is immune from suit. *See Mayhugh v. State*, 364 Wis. 2d 208, 224 (2015). It would be futile to allow Jones to amend his complaint to add the Department of Corrections as a defendant.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that Jones's motion to amend complaint (Docket # 16) is **DENIED**.

**IT IS FURTHER ORDERED** that a party may serve and file objections to this order within fourteen days of being served with the order. *See* Fed. R. Civ. P. 72(a). The district judge will consider a timely objection and will modify or set aside this order or any part of this order only if it is clearly erroneous or contrary to law.

Dated at Milwaukee, Wisconsin this 18th day of May, 2020.

BY THE COURT:

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge